THE STATE, EX REL. MARTIN, APPELLANT, *v.* CITY OF COLUMBUS, DEPARTMENT OF HEALTH, ET AL., APPELLEES.

(No. 78-860—Decided June 6, 1979.)

Messrs. *Barkan, Barkan & Neff, Mr. Frank J. Neff* and *Mr. Paul R. Mancuso,* for appellant.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick M. McGrath* and *Mr. Earl J. Silberman,* for appellees.

CELEBREZZE, C. J. The issues raised in this appeal can be phrased as follows: (1) Does the record reflect a lack of "due diligence" on the part of appellant in attempting to secure similar employment during the period in which she was entitled to back wages? (2) Assuming the facts do reflect the requisite degree of diligence, can the amount

to which appellant would be entitled be calculated with a sufficient degree of certainty?

At the outset, it is evident that this particular appellant has a right to pursue her remedy in the courts by means of an original action in mandamus. Since her initial discharge by the city of Columbus has previously been held to be wrongful by the Court of Appeals for Franklin County, the syllabus in *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, becomes appropriate herein:

"An action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty."

However, a party seeking to recover such compensation is also required to mitigate any damages to which she is entitled as a result of that wrongful discharge. The first paragraph of the syllabus in *State, ex rel. Wilcox*, v. *Woldman* (1952), 157 Ohio St. 264, mandates the following:

"A public employee, even though he holds his position under civil service, who is wrongfully excluded from his position and sues to recover compensation for the period of exclusion, is subject to have his claim reduced by the amount he earned or in the exercise of due diligence could have earned in appropriate employment during the period of exclusion."

In addition, a wrongfully discharged employee need only accept "similar" employment in mitigation. In *James* v. *Allen County* (1886), 44 Ohio St. 226, at pages 233-234, the court described that requirement in the following language:

"Being subject to the universal rule that a person injured by the act of another is bound to use ordinary diligence to make the damage as light as may be, the discharged employee must use ordinary care to obtain employment. He may not be required to seek elsewhere, or to engage in a different industry. But he is bound to use ordinary effort to obtain similar employment in the same vicinity; at least

if such employment is offered he is bound to take advantage of it." See, also, *State, ex rel. Wilcox, supra,* at page 269.

Moreover, the principle of mitigation of damages is an affirmative defense to be asserted by the employer accused of a wrongful discharge. *Id.* Placing the burden of proof on the wrongdoer on this issue has also been considered the majority rule and espoused by an "overwhelming weight of authority." See Annotation 134 A. L. R. 242, 243, and cases cited therein.

Thus, the scrutiny of the record before us is directed at whether the appellees have satisfied their burden of showing that appellant could have obtained similar or fitting employment. A perusal of the Court of Appeals' opinion in the instant cause indicates that in its analysis of the question of "due diligence," it erroneously placed upon the appellant the burden of proving appellees' affirmative defense. The appellees presented no evidence that suitable jobs for the appellant were available during the period of her unemployment. As Judge McCormac perceptively noted in his dissent below:

"Respondent has failed to produce any proof that jobs suitable for relator were available had she made a greater effort to find work. Instead, respondent, who is the wrongdoer, seeks to place the burden completely on relator in regard to mitigation, themselves merely carping at relator's lack of effort to save respondent damages for respondent's breach. That is unfair and contrary to law. We must remember that relator would have been working had she not have been wrongfully terminated by respondent, causing her to be required to hire a lawyer at her own expense to bring not one, but two lawsuits to attempt to be placed in the same position, minus attorney fees, as she was before. Any waste of tax dollars is attributable to respondent, not relator."

Turning to the record, the following facts become apparent. Prior to her civil service employment, during the 1940's and 1950's, appellant occupied jobs which included

being a housekeeper, fry cook and vegetable cook. Her only special training pertained to her position as a Health Aide with the department of health. Furthermore, appellant had attained the 12th grade, although she was not a high school graduate.

During the period of her unemployment she registered with the Ohio Bureau of Employment Services and was offered an interview for a similar job which she declined because it would have required her to leave her family and "live in" with the patient. In addition, she attempted to find employment by checking the newspapers and making inquiries at two local hospitals although applications for employment had not been filed.

Taking into consideration appellant's particular background, training and status, we feel her efforts rise to the level of the requisite due diligence mandated by *State, ex rel. Wilcox, supra.* Judge McCormac in his dissent below further analyzed the pertinent facts in a similar manner and we find his reasoning equally persuasive:

"Due diligence is a relative term, and can only be properly evaluated by looking at the situation of relator. Relator is a 57 year-old woman who did not complete high school and had little employment experience prior to having been employed as a Health Aide with the city of Columbus. The only training she has ever had is for her health aide position. Moreover, during the period where she was to use due diligence to obtain other employment, she was attempting to regain her job with the city of Columbus from which she was wrongfully excluded, undoubtedly expecting to return to that job if restored thereto.

"She applied to the Bureau of Employment Services who could find only one position for her, which was a live-in position which she was unable to take because of responsibilities at home. She contacted local hospitals where there might be similar jobs to the only job for which she had been trained and none were available. In my opinion, considering her background, status in life and training, the efforts that she made were about those that might be expected and constitute 'due diligence.'

"Due diligence must be considered in light of employment opportunities. Relator's unemployment took place at a time when the rate of unemployment was quite high, particularly among the undertrained.

" * * *

"The finding of the majority that there was a substantial failure to exercise due diligence in mitigating damages does not appear to me to be based upon what reasonably could be expected of one in relator's position."

Having established that due diligence is presented in the record before us, the compensation lawfully due appellant can now be established with the requisite degree of certainty.

Accordingly, the judgment of the Court of Appeals is reversed and the cause remanded for an appropriate computation consistent with this opinion.

*Judgment reversed and cause remanded.*

HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., not participating because he was a Judge of the Court of Appeals which heard the case.