THE STATE, EX REL. GUERRERO, DIR., ET AL., *v.*
FERGUSON, AUDITOR.

(No. 81-1377—Decided October 21, 1981.)

*Messrs. Wilkowski & Bloom* and *Mr. Arthur Wilkowski,*
for relators.

*Mr. William J. Brown,* attorney general, and *Ms. Colleen K. Nissl,* for respondent.

*Per Curiam.* It is well-settled that "[a]n action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty." *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261, paragraph one of the syllabus. It is undisputed herein that the action of the Controlling Board in transferring the Commission's funds was unlawful, and that relators' layoff would not have occurred but for that action. We find, therefore, that relators are entitled to back pay.

The method of determining the amount of back pay recoverable was set forth in *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, at 195: "***The amount recoverable is, of course, the amount of compensation the employee would have received had he not been wrongfully excluded from his employment, which amount is subject to reduction '***by the amount he earned or in the exercise of due diligence could have earned in appropriate employment during the period of exclusion.' *State, ex rel. Wilcox,* v. *Woldman, supra* (157 Ohio St. 264), paragraph one of the syllabus."

The parties have stipulated to the amounts relators would have earned during the period of their layoff and to the amounts relators received in unemployment compensation. Since the state cannot be required to pay twice, *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, at 368, relators' back pay award is to be reduced by the amount received in unemployment benefits.

Relators also claim entitlement to a credit of vacation and sick leave they would have earned during their layoff. However, since these days cannot be established with certainty, they cannot be credited to relators. *Id.,* at 368-369. Similarly, relators' claim for lost medical coverage is denied.

Accordingly, the writ prayed for is denied as to the restoration of vacation and sick leave and as to lost medical coverage. The writ prayed for is allowed as to back pay, reduced by the amount received in unemployment benefits.

8

*Writ allowed in part and
denied in part.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

HOLMES, J., dissents.