[THE STATE, EX REL.] LAKE COUNTY BOARD OF COMMISSIONERS, APPELLANT, *v.* HOOSE, JUDGE, APPELLEE.

[Cite as State, ex rel. Lake Cty. Bd. of Commrs., *v.* Hoose (1991), 58 Ohio St. 3d 220.]

(No. 89-2201—Submitted December 18, 1990—Decided April 3, 1991.)

*Steven C. LaTourette,* prosecuting attorney, *Michael P. Brown, William L. Sheroke* and *Dale R. Kondas,* for appellant.

*Ulrich & Cantor* and *Abraham Cantor,* for appellee.

DOUGLAS, J. A court of common pleas in this state has the inherent authority to require funding which is reasonable and necessary to the administration of the court's business. *State, ex rel. Rudes,* v. *Rofkar* (1984), 15 Ohio St. 3d 69, 71-72, 15 OBR 163, 165, 472 N.E. 2d 354, 356. This court has held, time and again, that it is incumbent upon the legislative authority to provide funds which are reasonable and necessary to operate a court which requests such funding. See, *e.g., State, ex rel. Giuliani,* v. *Perk* (1968), 14 Ohio St. 2d 235, 43 O.O. 2d 366, 237 N.E. 2d 397, and *State, ex rel. Arbaugh,* v. *Richland Cty. Bd. of Commrs.* (1984), 14 Ohio St. 3d 5, 14 OBR 311, 470 N.E. 2d 880. Therefore, a board of county commissioners must provide the funds requested by a court of common pleas unless the board can show that the requested funding is unreasonable and unnecessary. *State, ex rel. Britt,* v. *Bd. of Franklin Cty. Commrs.* (1985), 18 Ohio St. 3d 1, 2, 18 OBR 1, 2, 480 N.E. 2d 77, 78. The burden of proof is clearly upon the party who opposes the requested funding. *Id.* In effect, it is presumed that a court's request for funding is reasonable and necessary

for the proper administration of the court. The purpose of this "presumption" is to maintain and preserve a judicial system and judiciary that are independent and autonomous.

In the case at bar, the court of appeals determined that appellant failed to meet its burden of establishing that the appropriation ordered by appellee was unreasonable and unnecessary. We find no compelling reason to disturb that determination. Accordingly, we conclude, as did the court of appeals, that appellee is entitled to a writ of mandamus ordering appellant to fund the juvenile court in accordance with appellee's journal entry. Given this determination, it follows that appellant is not entitled to the issuance of a writ of mandamus.

Appellant also contends that the court of appeals erred in dismissing appellant's request for a writ of prohibition. We disagree. In effect, appellant sought to prohibit appellee from operating the juvenile court under the salary schedule contained in appellee's journal entry. However, it was appellee's function to direct the operations of his court. To have provided appellant with the relief it sought would have permitted appellant to control the operation of the court even though appellee was conducting the court's business in a lawful manner.

Accordingly, the judgment of the court of appeals is affirmed in all respects.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.