OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Lake County Board of Commissioners, Appellant
and Cross-Appellee, v. Weaver, Judge, et al., Appellees and
Cross-Appellants.
[Cite as State ex rel. Lake Cty. Bd. of Commrs. v. Weaver
(1993),         Ohio St.3d          .]
Writ of mandamus granted to compel county board of
     commissioners to appropriate funds requested by juvenile
     court for its 1989 operating budget -- Determining
     compliance.
     (No. 92-1452 -- Submitted April 20, 1993 -- Decided August
18, 1993.)
     Appeal and Cross-Appeal from the Court of Appeals for Lake
County, No. 89-L-14-076.
     Judge William W. Weaver of the Lake County Common Pleas
Court, Juvenile Division, appellant and cross-appellee,
petitioned the Court of Appeals for Lake County to enforce the
judgment of that court which was affirmed in State ex rel. Lake
Cty. Bd. of Commrs. v. Hoose (1991), 58 Ohio St.3d 220, 569
N.E.2d 1046.1  Hoose affirmed the court of appeals' decision to
grant a writ of mandamus against appellee and cross-appellant,
the Lake County Board of Commissioners ("board"), to compel
additional appropriations requested for the juvenile court's
1989 operating budget.  Hoose also affirmed the court of
appeals' judgment ordering "payment of overtime and
'extra-time' compensation" in stipulated amounts.  Id. at 221,
569 N.E.2d at 1048.
     In its decision, the court of appeals stated that the
juvenile court needed $228,870 more than had been appropriated
to fund certain reasonable and necessary salary requirements
requested by a May 9, 1989 journal entry.  Lake Cty. Bd. of
Commrs. v. Hoose, Judge (Dec. 13, 1989), Lake App. No.
89-L-14-076, unreported.  The "overtime and extra time" amounts
ordered by the court of appeals were stipulated in the record
as $35,646.65 and $7,131.94, respectively.  Thus, compliance
with the order in Hoose, according to the record as of that
judgment, required the board to appropriate an additional
$271,648.59 for the juvenile court's 1989 budget.
     However, on May 21, 1992, the parties stipulated,

apparently with the benefit of hindsight, that only an additional $182,996.96 had been required for the reasonable and necessary juvenile court salary expenses in 1989. According to other stipulations, the $182,996.96 amount is the sum of $177,596.96 (the wages that would have been paid to certain employees laid off when the juvenile court raised salaries and exceeded the funds allocated for its 1989 budget) and $5,400 (the amount by which additional funds appropriated in December 1989 still fell short of funding needed to pay the increased wage rates for that fiscal year).

The stipulations also represented to the court of appeals that $49,151 in unemployment compensation had been paid out of the county general fund to juvenile court employees laid off in 1989. The stipulations further represented that:

"10. In 1991, the Board of County Commissioners increased the funding to the [juvenile court's] salary by $170,400.00 after the Supreme Court affirmed the Eleventh District Court of Appeals December 13, 1989 order in the case at bar.

"11. None of the $170,400.00 that was added to the [juvenile court's] salary accounts in 1991 was meant to enable the [juvenile court] to pay its employees back pay for 1989. Rather, that infusion of funds was made to enable the [juvenile court] to increase its employees['] wage rates in 1991 to levels which would have been achieved in 1991 had Judge Hoose's * * * [initial budget request] gone unchallenged."

The court of appeals discerned only one issue from this and the other evidence in the record -- should the juvenile court receive the full $182,996.96 appropriation, or should $49,151 paid for unemployment benefits be deducted from that amount? The court held that:

"* * * [T]he parties have agreed that the funds for unemployment benefits were not taken from any court account, but was [sic] taken from the county general fund. As the funds for the benefits had not been appropriated to the juvenile court already, and since these funds were essentially used for the same purpose they would have been used if they had been appropriated, this court concludes that [the board] is entitled to offset the $49,151 against the amount owed.

"Accordingly, to comply with our judgment of December 13, 1989, [the board] is hereby ordered to appropriate to the juvenile court the sum of $133,845.96 on or before July 8, 1992. If this amount is not appropriated by this date, [the board] shall also be required to pay interest on this amount at a rate of ten percent from the date of our original judgment."

On September 8, 1992, execution of the court of appeals' judgment was stayed by this court. The cause is before this court upon an appeal and cross-appeal as of right.

Steven C. LaTourette, Lake County Prosecuting Attorney, William L. Sheroke, Assistant Prosecuting Attorney, and Dale R. Kondas, Chief Assistant Prosecutor, for appellant and cross-appellee.

Abraham Cantor, for appellee and cross-appellant Judge Weaver.

Per Curiam. The instant appeal and cross-appeal present three issues for our review. First, did the court of appeals

err by using the unemployment benefits paid by the board to offset funding awarded for the juvenile court's 1989 budget? Second, did the court of appeals err in not accepting the board's "infusion" of $170,400 into the juvenile court's 1991 budget as compliance with the judgment for 1989? Third, did the court of appeals err in awarding interest?

For the reasons that follow, we agree with the court of appeals' decision to offset $49,151 in unemployment compensation from the $182,996.96 stipulated as reasonable and necessary for the juvenile court's 1989 expenses. However, we also count the $170,400 supplement paid the juvenile court in 1991 toward the board's obligation in this regard. The stipulated 1989 expense amount is less than the sum of these two payments and precludes any interest award. Thus, our decision affirms in part and reverses in part the court of appeals' judgment.

## Unemployment Benefits

The court of appeals deducted $49,151 from the $182,996.96 needed for the juvenile court's 1989 salary expenses because the board had paid that amount for unemployment compensation in 1989. In effect, the court concluded that this much of the juvenile court's 1989 budget request had been satisfied, and, therefore, that the juvenile court no longer needed these funds. We see no reason to reverse this finding based on Judge Weaver's cross-appeal.

Weaver claims that the court of appeals erred, citing NLRB v. Gullett Gin Co. (1951), 340 U.S. 361, 95 L. Ed. 337, 71 S. Ct. 337, and Jones v. Ohio Dept. of Mental Health (S.D. Ohio 1987), 687 F. Supp. 1169. These cases hold that unemployment compensation should not be used to offset back pay awarded to employees discharged in violation of federal anti-discrimination laws. Each case represents the "national * * * policy" in discriminatory discharge cases to make the wronged claimants "whole." See Rasimus v. Michigan Dept. of Mental Health (C.A.6, 1983), 714 F. 2d 614, fn. 13, certiorari denied, Michigan Dept. of Mental Health v. Rasimas (1984), 466 U.S. 950, 80 L. Ed.2d 537, 104 S. Ct. 2151.

Restitution to wrongfully displaced employees, however, is not the purpose of actions to compel funding for reasonable and necessary court expenses. Such actions serve instead to "preserve a judicial system and judiciary that are independent and autonomous." State ex rel. Lake Cty. Bd. of Commrs. v. Hoose (1991), 58 Ohio St.3d 220, 222, 569 N.E.2d 1046, 1048. Moreover, even if we could accept the analogy to back pay, Judge Weaver's argument does not account for State ex rel. Guerrero v. Ferguson (1981), 68 Ohio St.2d 6, 7, 22 O.O.3d 98, 98-99, 427 N.E.2d 515, 516, in which we stated that back pay awards should be reduced by unemployment benefits if this will avoid causing the state to "pay twice" for a wrongful discharge from the civil service. The offset of $49,151, therefore, is affirmed.

## Compliance

In ordering the payment of $133,845.96, the court of appeals subtracted $49,151, the stipulated paid unemployment benefits, from $177,596.96, the stipulated salaries that would have been paid laid-off juvenile court employees, and added $5,400, the stipulated budgetary shortfall. This result, the

board complains, does not account for the $170,400 added to the juvenile court's budget in 1991.

We agree. The board gave Judge Weaver $170,400 in additional funding in response to our decision in Hoose, supra. The parties stipulated that only $182,996.96 was required for complete compliance with the judgment entered in State ex rel. Lake Cty. Bd. of Commrs. v. Hoose (Dec. 13, 1989), Lake App. 89-L-14-076, unreported. We have already said that the court of appeals did not err in crediting $49,151 toward this debt. When this amount is added to the $170,400 given by the board in 1991, the total amount is $219,551, which is $36,554.04 more than the parties agreed the juvenile court needed for 1989.

Accordingly, we conclude that the board has more than fully complied with the judgment we affirmed in Hoose, supra. The court of appeals' judgment ordering the board to appropriate an additional $133,845.96 and interest on that amount, therefore, is reversed.

> Judgment affirmed in part and reversed in part.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., concurs in part and dissents in part.

FOOTNOTE
1    Judge Weaver succeeded Judge Richard A. Hoose and has been substituted for him in this action. Lake County Auditor Edward Zupancic was added as Judge Weaver's co-party by the court of appeals.

Douglas, J., concurring in part and dissenting in part. The majority confuses the years in question and the various judgments of the court of appeals. I would affirm the judgment of the court of appeals in its findings that, for 1989, the court's budget should have been increased by $182,996.96 offset by $49,151 paid from the county general fund for unemployment compensation, for a net of $133,845.96 to be added to the court's 1989 budget. I would reverse the court of appeals' finding as to an interest assessment, although I certainly can see why the judges of the court of appeals took, in their wisdom, a position that is both arguable and intellectually defensible and entered such an order. See, generally, Beifuss v. Westerville Bd. of Edn. (1988), 37 Ohio St.3d 187, 525 N.E.2d 20.