THE STATE EX REL. LAKE COUNTY BOARD OF COMMISSIONERS,
APPELLANT AND CROSS-APPELLEE, *v.* WEAVER, JUDGE,
ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *State ex rel. Lake Cty. Bd. of Commrs.*
*v. Weaver* (1993), 67 Ohio St.3d 160.]

(No. 92–1452—Submitted April 20, 1993—Decided August 18, 1993.)

*Steven C. LaTourette,* Lake County Prosecuting Attorney, *William L. Sheroke,* Assistant Prosecuting Attorney, and *Dale R. Kondas,* Chief Assistant Prosecutor, for appellant and cross-appellee.

*Abraham Cantor,* for appellee and cross-appellant Judge Weaver.

---

*Per Curiam.* The instant appeal and cross-appeal present three issues for our review. First, did the court of appeals err by using the unemployment benefits paid by the board to offset funding awarded for the juvenile court's 1989 budget? Second, did the court of appeals err in not accepting the board's "infusion" of $170,400 into the juvenile court's 1991 budget as compliance with the judgment for 1989? Third, did the court of appeals err in awarding interest?

For the reasons that follow, we agree with the court of appeals' decision to offset $49,151 in unemployment compensation from the $182,996.96 stipulated as reasonable and necessary for the juvenile court's 1989 expenses. However, we also count the $170,400 supplement paid the juvenile court in 1991 toward the board's obligation in this regard. The stipulated 1989 expense amount is less than the sum of these two payments and precludes any interest award. Thus, our decision affirms in part and reverses in part the court of appeals' judgment.

## Unemployment Benefits

The court of appeals deducted $49,151 from the $182,996.96 needed for the juvenile court's 1989 salary expenses because the board had paid that amount for unemployment compensation in 1989. In effect, the court concluded that this much of the juvenile court's 1989 budget request had been satisfied, and, therefore, that the juvenile court no longer needed these funds. We see no reason to reverse this finding based on Judge Weaver's cross-appeal.

Weaver claims that the court of appeals erred, citing *NLRB v. Gullett Gin Co.* (1951), 340 U.S. 361, 71 S.Ct. 337, 95 L.Ed. 337, and *Jones v. Ohio Dept. of Mental Health* (S.D. Ohio 1987), 687 F.Supp. 1169. These cases hold that unemployment compensation should not be used to offset back pay awarded to employees discharged in violation of federal anti-discrimination laws. Each case represents the "national * * * policy" in discriminatory discharge cases to make the wronged claimants "whole." See *Rasimas v. Michigan Dept. of Mental Health* (C.A.6, 1983), 714 F.2d 614, fn. 13, certiorari denied, *Michigan Dept. of Mental Health v. Rasimas* (1984), 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537.

Restitution to wrongfully displaced employees, however, is not the purpose of actions to compel funding for reasonable and necessary court expenses. Such actions serve instead to "preserve a judicial system and judiciary that are independent and autonomous." *State ex rel. Lake Cty. Bd. of Commrs. v. Hoose*

(1991), 58 Ohio St.3d 220, 222, 569 N.E.2d 1046, 1048. Moreover, even if we could accept the analogy to back pay, Judge Weaver's argument does not account for *State ex rel. Guerrero v. Ferguson* (1981), 68 Ohio St.2d 6, 7, 22 O.O.3d 98, 98–99, 427 N.E.2d 515, 516, in which we stated that back pay awards should be reduced by unemployment benefits if this will avoid causing the state to "pay twice" for a wrongful discharge from the civil service. The offset of $49,151, therefore, is affirmed.

*Compliance*

In ordering the payment of $133,845.96, the court of appeals subtracted $49,151, the stipulated paid unemployment benefits, from $177,596.96, the stipulated salaries that would have been paid laid-off juvenile court employees, and added $5,400, the stipulated budgetary shortfall. This result, the board complains, does not account for the $170,400 added to the juvenile court's budget in 1991.

We agree. The board gave Judge Weaver $170,400 in additional funding in response to our decision in *Hoose, supra.* The parties stipulated that only $182,996.96 was required for complete compliance with the judgment entered in *State ex rel. Lake Cty. Bd. of Commrs. v. Hoose* (Dec. 13, 1989), Lake App. 89–L–14–076, unreported, 1989 WL 152688. We have already said that the court of appeals did not err in crediting $49,151 toward this debt. When this amount is added to the $170,400 given by the board in 1991, the total amount is $219,551, which is $36,554.04 more than the parties agreed the juvenile court needed for 1989.

Accordingly, we conclude that the board has more than fully complied with the judgment we affirmed in *Hoose, supra.* The court of appeals' judgment ordering the board to appropriate an additional $133,845.96 and interest on that amount, therefore, is reversed.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in part and dissents in part.

DOUGLAS, J., concurring in part and dissenting in part. The majority confuses the years in question and the various judgments of the court of appeals. I would affirm the judgment of the court of appeals in its findings that, for 1989, the court's budget should have been increased by $182,996.96 offset by $49,151 paid from the county general fund for unemployment compensation, for a net of $133,845.96 to be added to the court's 1989 budget. I would reverse the court of

appeals' finding as to an interest assessment, although I certainly can see why the judges of the court of appeals took, in their wisdom, a position that is both arguable and intellectually defensible and entered such an order. See, generally, *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 525 N.E.2d 20.