[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 171.]

CUYAHOGA FALLS EDUCATION ASSOCIATION ET AL., APPELLANTS, *v.*
CUYAHOGA FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.
[Cite as *Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls City School Dist. Bd. of
Edn.*, 1994-Ohio-19.]

*Schools—Teachers—Labor relations—School board suspends teacher's continuing
contract in contravention of trial court's injunction—Teacher wrongfully
excluded from his employment—Mandamus appropriate remedy to recover
compensation due for period wrongful exclusion from employment.*

(No. 93-1579—Submitted September 20, 1994—Decided December 14, 1994.)

Appeal from the Court of Appeals for Summit County, No. 15833.

———————————

{¶ 1} This case involves two suits brought by appellant Cuyahoga Falls
Education Association ("the association") against appellee, Cuyahoga Falls City
School District Board of Education ("the board"). The first ("*CFEA I*") sought an
injunction against the board. The second ("*CFEA II*") sought a writ of mandamus.

{¶ 2} In 1985, the association and the board entered into a collective
bargaining agreement. The agreement specified those circumstances when the
board may reduce the number of teachers working in the school district for reasons
unrelated to the teachers' work performance.

{¶ 3} The collective bargaining agreement treated the reduction-in-force of
teachers with limited contracts differently than those teachers with continuing
contracts. The agreement provided:

"Continuing contract teachers shall be reduced only after all limited contract teachers of the same certification and area of assignment. Such reduction in the continuing contract staff shall be in accordance to ORC 3319.17."[1]

{¶ 4} On April 27, 1988, the board notified twenty-two teachers with limited contracts that it was not renewing their contracts due to a reduction-in-force caused by a decrease in enrollment. On the same day, the board notified appellant, Stanley Sipka, that his continuing contract would be suspended due to a reduction-in-force caused by a decrease in enrollment. Sipka was laid off from July 1988 until August 1992.

{¶ 5} The association filed an action in the Court of Common Pleas of Summit County seeking to enjoin the board from discharging the twenty-two limited contract teachers and Sipka. The trial court held that the board's actions were an unreasonable reduction-in-force and thus enjoined the board from not renewing the twenty-two contracts. The trial court then amended its order stating that the injunction was to apply to all twenty-three teachers. The board appealed the trial court's order to the Court of Appeals for Summit County. In its opinion, the court of appeals discussed the status of only the twenty-two teachers with limited contracts. Sipka was never discussed. After concluding that the trial court misinterpreted the portion of the collective bargaining agreement addressing the reduction-in-force of limited contract teachers, the court of appeals reversed the trial court.

---

1. Former R.C. 3319.17 provided:

"When by reason of decreased enrollment of pupils, return to duty of regular teachers after leaves of absence, or by reason of suspension of schools or territorial changes affecting the district, a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction. In making such reduction, the board shall proceed to suspend contracts in accordance with the recommendation of the superintendent of schools who shall, within each teaching field affected, give preference to teachers on continuing contracts and to teachers who have greater seniority. Teachers, whose continuing contracts are suspended, shall have the right of restoration to continuing service status in the order of seniority of service in the district if and when teaching positions become vacant or are created for which any of such teachers are or become qualified."

**{¶ 6}** This court granted the association's motion to certify the record. We then affirmed the court of appeals' reversal of the trial court. *Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls City School Dist. Bd. of Edn.* (1991), 61 Ohio St.3d 193, 574 N.E.2d 442. Our opinion centered on the status of the twenty-two teachers with limited contracts. Sipka's continuing contract was never discussed in the opinion.

**{¶ 7}** When counsel for the association informed this court of our failure to address Sipka's contract in a motion for rehearing, reconsideration and/or clarification, we denied the motion (case No. 90-113).

**{¶ 8}** *CFEA II* began when Sipka and the association filed a complaint in mandamus in the Court of Appeals for Summit County. The complaint claimed that due to the outcome of *CFEA I*, Sipka was entitled to reinstatement and "a monetary award that will compensate him for compensation and benefits he has lost as a result of the unlawful suspension of his continuing contract of employment." The court of appeals denied the writ.

**{¶ 9}** This matter is before this court as an appeal as of right.

_____

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.*, *Ronald G. Macala* and *Anne Piero Silagy*, for appellants.

*Whalen & Compton Co., L.P.A.*, G. *Frederick Compton, Jr.*, *R. Brent Minney* and *Elizabeth Grooms Taylor*, for appellee.

_____

**PFEIFER, J.**

**{¶ 10}** Because the board failed to make Sipka a party in its appeal in *CFEA I*, we conclude that the trial court's injunction enjoining the board from suspending Sipka's continuing contract remained intact and enforceable in mandamus. We, thus, reverse the court of appeals' judgment in this case.

I

{¶ 11} The effect of a reversal must be restricted to the parties who, by notice or other process, have been made parties to the appeal. 96 Am. St. Rep. 127 (1903). Having not received notice or other process, Sipka did not become a party to the appeal in *CFEA I*. In its appellate brief in *CFEA I*, the board devoted its assignments of error exclusively to matters concerning the reduction-in-force of limited contract teachers and did not contest the trial court's ruling regarding Sipka's continuing contract.

{¶ 12} The court of appeals opinion in *CFEA I* further illustrates that Sipka was not a party to the appeal. The appellate court's opinion discussed only the portion of the trial court's holding that addressed the twenty-two teachers with limited contracts. The court of appeals analyzed only that portion of the collective bargaining agreement devoted to the reduction-in-force of teachers with limited contracts. The court of appeals never discussed Sipka or the portions of the agreement referring to the reduction-in-force of teachers who have continuing contracts.

{¶ 13} When this court reviewed the court of appeals' opinion in *CFEA I*, we limited the scope of our analysis to the parties of the appeal. Our opinion addressed the twenty-two teachers holding limited contracts and did not address Sipka's continuing contract.

{¶ 14} Thus, after examining the record, we conclude that Sipka was never made a party to the appellate proceedings in *CFEA I*. After we issued our opinion affirming the court of appeals in *CFEA I*, the board remained enjoined from suspending Sipka's continuing contract. The trial court's holding that the board's reduction-in-force of Sipka violated R.C. 3319.17 was never reversed by the court of appeals. When the association appealed the court of appeals' opinion to this court, the portion of the trial court's holding which addressed Sipka was not before us. When the court of appeals denied appellants' request for a writ of mandamus in

*CFEA II*, the court of appeals improperly concluded that our opinion in *CFEA I* addressed Sipka's contract.

## II

**{¶ 15}** Having held that the trial court's injunction affecting Sipka's contract remains in effect, we must decide whether mandamus is the appropriate remedy for Sipka. In contravention of the trial court's injunction, the board laid off Sipka from July 1988 to August 1992. Sipka claims that during this lay off period he lost: $58,711.48 in net wages, 1.9 years of service credit in the State Teacher's Retirement System, and the interest that the retirement system requires when late contributions are made to it.[2]

**{¶ 16}** We hold that mandamus is the appropriate remedy for Sipka. "An action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty." *State ex rel. Martin, v, Columbus* (1979), 58 Ohio St.2d 261, 12 O.O. 3d 268, 389 N.E.2d 1123, paragraph one of syllabus. When the board suspended Sipka's continuing contract in contravention of the trial court's injunction, the board wrongfully excluded Sipka from his employment. We, thus, remand this cause to the court of appeals to determine with certainty the extent of Sipka's damages and to issue a writ of mandamus compelling the board to compensate Sipka.

**{¶ 17}** The judgment of the court of appeals is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

---

2 The complaint in mandamus requested that the board be ordered to reinstate Sipka. However, because Sipka was recalled to a different teaching position in 1992, such an order became unnecessary.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

————————————