CUYAHOGA FALLS EDUCATION ASSOCIATION ET AL., APPELLANTS, *v.* CUYAHOGA FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 171.]

(No. 93–1579—Submitted September 20, 1994—Decided December 14, 1994.)

172

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala* and *Anne Piero Silagy,* for appellants.

*Whalen & Compton Co., L.P.A., G. Frederick Compton, Jr., R. Brent Minney* and *Elizabeth Grooms Taylor,* for appellee.

PFEIFER, J. Because the board failed to make Sipka a party in its appeal in *CFEA I*, we conclude that the trial court's injunction enjoining the board from suspending Sipka's continuing contract remained intact and enforceable in mandamus. We, thus, reverse the court of appeals' judgment in this case.

## I

The effect of a reversal must be restricted to the parties who, by notice or other process, have been made parties to the appeal. 96 Am.St.Rep. 127 (1903). Having not received notice or other process, Sipka did not become a party to the appeal in *CFEA I*. In its appellate brief in *CFEA I*, the board devoted its assignments of error exclusively to matters concerning the reduction-in-force of limited-contract teachers and did not contest the trial court's ruling regarding Sipka's continuing contract.

The court of appeals' opinion in *CFEA I* further illustrates that Sipka was not a party to the appeal. The appellate court's opinion discussed only the portion of the trial court's holding that addressed the twenty-two teachers with limited contracts. The court of appeals analyzed only that portion of the collective bargaining agreement devoted to the reduction-in-force of teachers with limited contracts. The court of appeals never discussed Sipka or the portions of the agreement referring to the reduction-in-force of teachers who have continuing contracts.

When this court reviewed the court of appeals' opinion in *CFEA I*, we limited the scope of our analysis to the parties of the appeal. Our opinion addressed the twenty-two teachers holding limited contracts and did not address Sipka's continuing contract.

Thus, after examining the record, we conclude that Sipka was never made a party to the appellate proceedings in *CFEA I*. After we issued our opinion affirming the court of appeals in *CFEA I*, the board remained enjoined from suspending Sipka's continuing contract. The trial court's holding that the board's reduction-in-force of Sipka violated R.C. 3319.17 was never reversed by the court of appeals. When the association appealed the court of appeals' opinion to this court, the portion of the trial court's holding which addressed Sipka was not before us. When the court of appeals denied appellants' request for a writ of mandamus in *CFEA II*, the court of appeals improperly concluded that our opinion in *CFEA I* addressed Sipka's contract.

## II

Having held that the trial court's injunction affecting Sipka's contract remains in effect, we must decide whether mandamus is the appropriate remedy for

Sipka. In contravention of the trial court's injunction, the board laid off Sipka from July 1988 to August 1992. Sipka claims that during this layoff period he lost $58,711.48 in net wages, 1.9 years of service credit in the State Teachers Retirement System, and the interest that the retirement system requires when late contributions are made to it.[2]

We hold that mandamus is the appropriate remedy for Sipka. "An action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty." *State ex rel. Martin v. Columbus* (1979), 58 Ohio St.2d 261, 12 O.O.3d 268, 389 N.E.2d 1123, paragraph one of syllabus. When the board suspended Sipka's continuing contract in contravention of the trial court's injunction, the board wrongfully excluded Sipka from his employment. We, thus, remand this cause to the court of appeals to determine with certainty the extent of Sipka's damages and to issue a writ of mandamus compelling the board to compensate Sipka.

The judgment of the court of appeals is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

---

2. The complaint in mandamus requested that the board be ordered to reinstate Sipka. However, because Sipka was recalled to a different teaching position in 1992, such an order became unnecessary.