DECISION AND JOURNAL ENTRY
On August 1, 1992, Earl L. Burkey ("Burkey") and his daughter, AnnMarie M. Burkey, executed a consumer installment loan and security agreement ("the agreement") with Bank One, Cleveland, N.A. in order to purchase a 1992 Mitsubishi Eclipse. The agreement called for the Burkeys to pay Bank One, Cleveland, N.A. $253.14 per month for a term of sixty months, for a total of $15,188.40, and to maintain collateral insurance on the vehicle during the period of the loan. On February 5, 1998, appellee-plaintiff Bank One, N.A. ("Bank One"), acting as successor in interest to Bank One, Cleveland, N.A., filed a complaint against the Burkeys, alleging that the Burkeys had failed to make all of the payments pursuant to the terms of the agreement and seeking to recover $3,650.83 and 10.24 percent interest per annum from December 8, 1997.
The Burkeys answered, denying that they had ever failed to make payments in compliance with the terms of the agreement. Thereafter, on May 27, 1998, Bank One moved for summary judgment. In support of its motion, Bank One attached the agreement and an affidavit from the custodian of the books and records on the Burkey account. The affidavit repeated the claim that the Burkeys had failed to make all payments required pursuant to the agreement.
On July 17, 1998, the Burkeys filed a brief in opposition to summary judgment. Attached to this motion was an affidavit in which Burkey stated that either he or his daughter had paid all of the monthly installments and any late charges due under the agreement. Further, Burkey stated that he or his daughter had secured insurance coverage on the vehicle "at all times relevant." The Burkeys then supplemented their brief in opposition on September 3, 1998, with an affidavit from Earl Burkey's insurance agent. The affidavit stated in part:
 3. That at all times relevant to this litigation (12/3/92 to 12/3/93) Earl Burkey had homeowners insurance coverage on [Burkey's] home and related items pursuant to Western Reserve Mutual Casualty Policy # WSH 3400378222-0, and also automobile insurance with Western Reserve Mutual Casualty policies #WAT 3400311545 and #WAT 3400259747.
 4. That a review of the above policies indicates that there may be some coverage available for property in the care, custody and control of the insured * * *[.]
 Bank One responded by filing a second affidavit from its litigation specialist/custodian of the books and records on September 23, 1998. Accompanying the affidavit was a record of the payments and charges relevant to the Burkeys' account. The affidavit contained the allegations that the Burkeys had failed to make one payment and that they owed unpaid interest, late charges, a fee, and the cost of collateral protection insurance with interest. According to the affidavit, the Burkeys had failed to keep the vehicle fully insured as required under the agreement, and, because Bank One had received notice that the insurance policy on the vehicle had been cancelled, Bank One had paid for insurance from December 3, 1992, to December 3, 1993, at a cost of $1,935. Also notable is the allegation that Bank One had never received confirmation from an insurance company that the vehicle had been insured for that period. The Burkeys subsequently filed a second affidavit from their insurance agent on October 26, 1998, in which the agent stated that "he has rated the cost of insurance for Defendant, AnnMarie Burkey, had she purchased comprehensive and liability auto insurance" for the vehicle for the period in dispute, and that the cost would have been $646.
The matter proceeded to a two-day hearing before a magistrate in which the magistrate entertained oral argument and considered the pleadings, affidavits, briefs, and exhibits. On January 27, 1999, prior to the conclusion of the hearing, Bank One filed a third affidavit with the trial court that reflected a $13.82 credit to the outstanding loan balance from the settlement of a class action lawsuit against the insurance company from which Bank One had obtained insurance for the vehicle. The magistrate concluded the hearing and subsequently issued a decision in favor of Bank One on March 16, 1999. The Burkeys filed objections, which the trial court overruled in an April 23, 1999 entry that adopted the magistrate's decision and entered judgment in favor of Bank One in the amount of $3,490.93 plus 10.24 percent interest per year from January 26, 1999, and costs.
Burkey timely appeals, asserting one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
 In connection with his sole assignment of error, Burkey argues that the trial court should not have granted summary judgment because (1) there is a dispute over whether all of the loan payments had been made, (2) there is a dispute over whether the vehicle was insured during the one-year period in question, and (3) Bank One failed to mitigate damages in purchasing insurance for the vehicle. This Court shall address each contention in turn.
Summary judgment should only be granted to a moving party if no genuine issue of material fact exists and that party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In making such a determination, a court must construe the evidence most strongly in favor of the nonmoving party. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 686-687. Additionally, as this Court has explained, "[i]t is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Once this initial burden is met, the nonmoving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact." Burchell v. Kenneth Young Realty Associates, Inc. (Mar. 22, 2000), Lorain App. No. 98CA007214, unreported, citing Dresherv. Burt (1996), 75 Ohio St.3d 280, 293.
In the instant case, Burkey submitted a July 17, 1998 affidavit in which he stated that either he or his daughter had made all of the required monthly payments due under the agreement. This contrasted with affidavits of May 27 and September 23, 1998, by a Bank One litigation specialist/custodian of the records, both of which indicated that a payment had been missed. The latter affidavit was accompanied by a record of the payments and charges relevant to the Burkeys' account that Bank One stated indicated the missed payment. This Court's review of the record of payments indicates that Burkey had made sixty-three payments, but that various late charges, interest, and a charge for the insurance that Bank One had obtained resulted in an outstanding January 27, 1998 balance of $3,504.75. This conflicts with the figure given in the May 27, 1998 affidavit, in which the Bank One litigation specialist/custodian of the records stated that the Burkeys owed the sum of $3,650.83 plus 10.24 percent interest per annum from December 8, 1997. The only reduction to the amount owed apparent on the record, however, is the $13.82 credited to the outstanding loan balance from the settlement of a class action lawsuit; this reduction was taken into account in a third affidavit from Bank One in which a different litigation specialist/custodian of the records stated that the figure due was $3,490.93 plus interest. Although nothing accounts for Bank One's contradictory evidentiary materials, the trial court proceeded to grant summary judgment in the amount of $3,490.93 plus 10.24 percent interest per year from January 26, 1999. This Court notes that Bank One's conflicting affidavits and supporting documentation potentially cloud the issue of the actual amount owed. Cf. Johnston v. Great LakesConstruction Co. (Feb. 28, 1996), Lorain App. No. 95CA006111, unreported, citing Turner v. Turner (1993), 67 Ohio St.3d 337, paragraph one of the syllabus (holding that affidavits that concern an issue of material fact and contradict earlier deposition testimony create an issue of credibility precluding summary judgment). Accordingly, this Court finds that because Bank One failed to meet its burden under Dresher, summary judgment was improvidently granted regarding the issue of whether all of the loan payments had been made as required under the agreement.
Conversely, however, summary judgment was correctly entered in regard to whether the Burkeys had maintained and provided notification of automobile insurance for the one-year period in dispute. In its September 23, 1998 affidavit, Bank One stated (1) that the Burkeys had failed to maintain motor vehicle insurance as required in the agreement; (2) that the bank had received notice that the original insurance policy obtained by the Burkeys had been cancelled; (3) that the bank had not received confirmation of insurance for the vehicle from an insurance company as required in the agreement, and (4) that the bank had obtained insurance at a cost of $1,935. Burkey had stated in his July 17, 1988 affidavit that he or his daughter had "at all times relevant secured insurance coverage on the vehicle that is the subject of this action[.]" As support for this contention, Burkey submitted a September 3, 1998 affidavit from his insurance agent stating "[t]hat a review of [Burkey's] policies indicates that there may
be some insurance coverage available for property in the care, custody and control of the insured[.]" (Emphasis added.) A party should not be able to escape summary judgment by relying upon obtuse wording that presents only the mere possibility of an issue of material fact. Also of note is that the Burkeys failed to address, much less rebut, Bank One's contention that they had failed to provide the bank with confirmation that vehicle insurance had been obtained, as they were required to do so under the terms of the agreement. As such, because the Burkeys failed to satisfy their burden and present the trial court with a genuine issue of material fact regarding this issue, the trial court properly granted summary judgment.
Finally, in regard to Burkey's contention that the trial court erred in granting summary judgment because Bank One had failed to mitigate damages, it is well settled that "[m]itigation is an affirmative defense in Ohio." Young v. Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242, 244, citing State ex rel.Martin v. Columbus Dept. of Health (1979), 58 Ohio St.2d 261, 265. Therefore, "if the breaching party desires to assert the affirmative defense of mitigation of damages, it must do so in its responsive pleading. Failure to assert this defense constitutes waiver." (Citations omitted.) Medina Ground Maintenance v. GrangerCondominium Assoc. #4 (Nov. 15, 1995), Medina App. No. 95 CA 2420-M, unreported. Because the Burkeys failed to raise the affirmative defense of mitigation in their answer, they could not raise it for the first time in their brief opposing summary judgment.
The judgment of the Lorain Municipal Court is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT WHITMORE, J., CONCURS.