## NATIONAL GUARANTEE & FINANCE CO v SCHENKE

Ohio Common Pleas, Hamilton Co

Decided March 4, 1937

Cohen, Mack & Hurtig, Cincinnati, for appellant.

Donald Calhoun, Cincinnati, for appellee.

## OPINION

By SCHWAB, J.

This matter is before the court on appeal and questions of law from the judgment of the Municipal Court of the city of Cincinnati, which judgment was for the defendant, Fred Schenke.

The agreed statement of facts set forth in the bill of exceptions is in part as follows:

The plaintiff is a corporation doing business under the laws of the state of Ohio and engaged in the business of financing automobile paper. Prior to January 13, 1936, one P. J. Burke, of Washington C. H., entrusted a Chevrolet Master Coach to the possession of N. R. Russell for sale, constituting Russell his agent to make such sale. Russell was engaged in business as a dealer in new and used cars in the city of Washington C. H. While the car was on display in Russell's salesroom, he borrowed the sum of $375.00 thereon from the National Guarantee & Finance Company, and executed a mortgage on the automobile in question to secure the debt. This action on the part of Russell constituted a fraud as against Burke, who had no knowledge that his car had been mortgaged. Subsequently the car was sold by Russell to Fred Schenke, the defendant in this case,

who was a dealer in used cars operating in the city of Cincinnati. Schenke had no notice of the mortgage. In the actual sale a bill of sale was executed by P. J. Burke to Fred Schenke. The sale of the car to Schenke and his subsequent sale to one May Hunter was without the knowledge and consent of the National Guarantee & Finance Company. When apprised of the situation the National Guarantee & Finance Company demanded of Fred Schenke that he either surrender the automobile or pay to it the sum of $375.00. Schenke refused to comply with either of these requests.

On this state of facts the Municipal Court found in favor of the defendant.

Counsel for the National Guarantee & Finance Company contend that under the statutes of Ohio, where property is entrusted to the possession of an agent for sale, and such agent, for money, executes a mortgage thereon, the mortgage is good. In support of that claim counsel cites §8360, GC, which reads as follows:

"Every factor or other agent, intrusted with the possession of a bill of lading, custom-house permit, or warehousekeeper's receipt for the delivery of any such merchandise, and every such factor or agent, not having the documentary evidence of title, intrusted with the possession of merchandise for the purpose of sale, or as a security for advances to be made or obtained thereon, shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person for the sale or disposition of the whole or any part of such merchandise, for any money advanced or negotiable instrument, or other obligation in writing, given by such other person upon the faith thereof."

After a careful consideration of the provisions of this section the court is of the opinion that it is not applicable to the facts in the case at bar.

The court is of the opinion that the question presented by this state of facts has been decided by the Supreme Court in **The National Guarantee & Finance Co. v The Pfaff Motor Car Co., 124 Oh St 34,** syllabus 1, reading as follows:

"Where possession of an automobile for the purpose of display in his showrooms is given a dealer, who afterwards mortgages such automobile to a finance company, such dealer having no authority, express or implied, to pledge or mortgage such automobile, the owner and bailor of such automobile is not estopped to recover his property from the pledgee or mortgagee who may have taken possession thereof under his mortgage."

The court in that case, asserting that the owner or bailor of such automobile is not estopped to recover his property from the pledgee or mortgagee who has taken possession thereof under his mortgage, this court is of the opinion that if the mortgage of the National Guarantee & Finance Company is unavailing as against the owner, it is likewise unavailing as against the vendee of such owner, where the vendee has purchased the property in question without knowledge of the mortgage.

Accordingly the judgment of the Municipal Court will be affirmed.