THE STATE, EX REL. THE HORVITZ COMPANY, *v.* RIEBE, DIRECTOR, ET AL.

[Cite as State, ex rel. Horvitz Co., v. Riebe (1975), 47 Ohio App. 2d 339.]

340

(No. 34985—Decided December 9, 1975.)

*Messrs. Thompson, Hine & Flory, Mr. William D. Ginn,*
and *Mr. David J. Noftzinger,* for relator.

*Mr. James B. Davis* and *Mr. Jeffrey B. Marks,* for re-
spondents.

KRENZLER, C. J. This is an original action in mandamus.
The relator, a general construction company, filed a petition
for writ of mandamus seeking to compel payment of money
owed to it by the city of Cleveland under three contracts,
numbered 25,931, 26,631 and 26,455, and held in funds
under the control of the respondents, the city's Director of
Finance, Commissioner of Accounts and Treasurer.

In its petition the relator maintains that the city is un-
der a clear legal duty to pay it the money owed and that
it had no adequate remedy at law to compel such payment.
A motion to dismiss, filed by the respondents, was denied.
Subsequently, the respondents filed a joint answer to the pe-
tition in which they prayed that the petition be dismissed
for the reason that the relator failed to state a claim for
which relief could be granted in that it had an adequate
remedy at law.

The relator and the respondents stipulated to the facts
as follows. The relator and the city of Cleveland entered
into two contracts, numbered 25,931 and 26,631, involving
reconstruction work at Cleveland Hopkins International
Airport. This work included the reconstruction of various
runways, taxiways, fillets, baggage roadways and other air-

field improvements. The relator periodically submitted written requests for payment..for work completed to various city officials for approval, as required under the contracts. All necessary approvals for payment were obtained from these officials. The total amount due on the two contracts is $819, 876.99.

A third contract, number 26,455, was entered into by the relator and the city of Cleveland whereby the relator was to deliver certain asphaltic materials to the city. The relator in fact delivered the materials to the city and also submitted invoices for such materials. Unpaid invoices on this contract total $229,920.45.

All sums needed to pay the relator under the three contracts are available and held in funds of the city under the control of the respondents, the city's Director of Finance, Commissioner of Accounts, and Treasurer.

The city of Cleveland contends that the relator has an adequate remedy at law by bringing an action on an account. The city further contends that it does not have a clear legal duty to pay the money due the relator because of the pendency of a negligence action, case number 74-935,336, in the Court of Common Pleas of Cuyahoga County, in which action the city of Cleveland and Edgewater Yacht Club, Inc., are the plaintiffs and the relator and the Cleveland Regional Sewer District are the defendants. That lawsuit charges the relator and the Regional Sewer District with the negligent destruction of city property at Edgewater Park. The issue in that lawsuit is unrelated to the issue in the present mandamus action.

R. C. 2731.01 defines mandamus as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station."

However, R. C. 2731.05 limits the situations in which a writ of mandamus can be issued. That statute provides:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

In the present case there is no doubt that a remedy at law is available to the relator, namely, an action on an account. However, the question is whether this available remedy is an *adequate* remedy.

Under the stipulated facts, it is undisputed that the relator has fully performed under the terms of the three contracts and is entitled to be paid the approximate amount of $1,049,796. All necessary approvals by Cleveland city officials required under the contracts have been obtained. The city of Cleveland is obligated to make immediate payment and issue the checks for payment, which is merely a ministerial act.

There is no reason why the relator should be compelled under the narrow circumstances presented in this case to file a lawsuit on an account in the Common Pleas Court seeking payment of the debts owing to it. An action on an account would result in a lengthy delay before the relator could obtain the money properly due it. This delay would result in serious economic harm. This economic harm would occur because the relator would be deprived of substantial working capital for a long period of time because public officials, the respondents, would not perform their ministerial and clear legal duty.

If the writ is granted in this case, the relator would immediately receive the money due it under the terms of the contract and could use this money as working capital. If the relator were required to maintain an action at law on an account, such action might not be terminated for several years. Interest on such a judgment would only begin to run after judgment was entered and not from the date the city refused to pay the money. Consequently, the relator would suffer serious economic loss. This economic loss coupled with the time loss makes the remedy of suing on an account not an adequate remedy at law.

The Ohio Supreme Court in the case of *State, ex rel. The Merydith Construction Co.,* v. *Dean* (1916), 95 Ohio St. 108, has defined an adequate remedy at law as one:

"* * * complete in its nature, beneficial and speedy." (Emphasis supplied.)

In the instant case, the remedy of an action at law on the contract is neither complete nor speedy. Further, the Supreme Court has held in *State, ex rel. Riley Construction Co.,* v. *East Liverpool Board of Education* (1967), 10 Ohio St. 2d 25, that an action in mandamus, seeking appropriate relief, may be instituted and maintained where time and costs are controlling and make other remedies inadequate. In that case the court stated that it would entertain an original action in mandamus rather than relegate the parties to the Common Pleas Court with the delays incident to a determination there and subsequent appeals. The principles of the *Riley Construction* case are applicable here. The relator does not have an adequate remedy at law.

In determining whether the city of Cleveland is under a clear legal duty to pay the relator, this court must consider the foregoing stipulations and the fact that the respondents have presented no defenses on the contract justifying non-payment. These two factors compel the conclusion that the city is under a clear legal duty to issue the required checks.

The mere pendency of another action arising out of an unrelated transaction but involving the same parties does not automatically defeat the maintenance of this mandamus action. The fact that the city of Cleveland and the Edgewater Yacht Club have a negligence action pending in the Court of Common Pleas of Cuyahoga County against the relator and Regional Sewer District does not prevent the relator from prevailing in this case since the city of Cleveland has a clear legal duty to pay the amounts due the relator under the terms of this contract and since the relator does not have an adequate remedy at law as stated above.

The city of Cleveland is not prejudiced by this ruling. The issues raised in Common Pleas Case No. 74-935,336 will be tried, and if the city prevails at the trial and obtains a judgment, its recovery against the relator is not in jeopardy because it was stipulated by the parties in this action that the relator has a net worth in excess of five

million dollars. Further, the parties stipulated here that Liberty Mutual Insurance Company is defending the relator in that case.

. In none of the cases cited by the respondents, in which a writ of mandamus was denied, were the facts stipulated to, nor was it admitted that the relators in those cases did in fact perform all of the required work under a contract and that all of the required approvals for payment were obtained from the respondents.

: The relator's petition for a writ of mandamus is allowed, and the respondents are ordered to pay the relator all money due it on the three contracts.

*Writ allowed.*

JACKSON and MANOS, JJ., concur.