CREASY, DIR., DEPT. OF PUBLIC WELFARE, *v.* WALLER, AUD., ET AL.

[Cite as Creasy *v.* Waller (1982), 1 Ohio St. 3d 93.]

(No. 82-41—Decided July 28, 1982.)

*Mr. William J. Brown,* attorney general, and *Mr. Arnold S. White,* for relator.

*Mr. Richard B. Meyers,* prosecuting attorney, and *Mr. Charles Cooper,* for respondents.

*Per Curiam.* For a writ of mandamus properly to issue, three conditions must be met. These conditions are clearly set forth in paragraph one of the syllabus in *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], where this court stated:

"In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *(State, ex rel. Harris,* v. *Rhodes,* 54 Ohio St. 2d 41 [8 O.O. 36].)"

Assuming, *arguendo,* the existence of the requisite clear legal right and duty, relator herein still fails to satisfy the three-pronged test for the issuance of a writ of mandamus as he indeed possesses a "plain and adequate remedy at law." That remedy lies in the form of an action on account, to compel restitution of the money collected from the noncustodial parents and retained by the county. Moreover, no need now exists to grant a writ of mandamus directed at halting the prospective enforcement of the subject order as the Court of Common Pleas of Lawrence County has already rescinded the order.

Accordingly, the writ of mandamus is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.