THE STATE, EX REL. FENSKE, APPELLANT, *v.* MCGOVERN,
AUDITOR, ET AL., APPELLEES.

[Cite as State, ex rel. Fenske, *v.* McGovern (1984), 11 Ohio St. 3d 129.]

(No. 83-919—Decided June 13, 1984.)

130

*Foth, Kelly & Urban Co., L.P.A., Mr. Thomas A. Kelly* and *Mr. John H. West,* for appellant.

*Mr. Arthur P. Lambros,* for appellees.

WHITESIDE, J. The threshold issue before this court is whether mandamus is an appropriate remedy, respondents contending that relator has adequate remedies at law by way of an action for money only, an action for declaratory judgment or an action for injunctive relief.

As to injunctive relief, necessarily it would be mandatory in nature since relator seeks to compel respondents to perform an alleged clear legal duty. The extraordinary remedy of mandatory injunction available in the court of common pleas is not a plain and adequate remedy in the ordinary course of law precluding exercise of the original jurisdiction in mandamus conferred upon the courts of appeals by Section 3, Article IV of the Ohio Constitution. See the sixth paragraph of the syllabus of *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141].

The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59, 60 [9 O.O.3d 67]; *State, ex rel. Bennett,* v. *Lime* (1978), 55 Ohio St. 2d 62, 63 [9 O.O.3d 69]. Here, assuming relator otherwise demonstrates a clear legal right to the requested writ, declaratory judgment would not be a complete remedy, unless coupled with ancillary relief in the nature of mandatory injunction since relator seeks to compel respondents auditor and treasurer to perform a specific act incumbent upon their offices. Accordingly, under the circumstances involved, the availability of declaratory judgment would not be an appropriate basis to deny a writ to which relator is otherwise entitled.

Although it would be possible for relator to bring an action for money judgment for the amounts allegedly presently due him for longevity pay, future actions would be necessary if respondents continued in the future to refuse to make similar payment, and the result of such an action would be to obtain a money judgment which would have to be enforced in some fashion to compel respondents auditor and treasurer to perform the ministerial duties of making the payment if they did not do so voluntarily, which conceivably could require an action in mandamus to compel respondents to perform the same acts to make payment of the money judgment that relator seeks to have them compelled to perform as a clear legal duty arising from Section 153.13 of the Codified Ordinances of the city of Brook Park. See *State, ex rel. Ballard,* v. *Harrison* (1909), 81 Ohio St. 98, and *State, ex rel. Turner,* v. *Bremen* (1927), 116 Ohio St. 294.

This court has repeatedly held that a reinstated public employee may maintain an action in mandamus to recover compensation due him for the time he was wrongfully excluded from employment provided the amount is established with certainty. *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190 [61 O.O.2d 425]; *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261 [12 O.O.3d 268], paragraph one of the syllabus; *State, ex rel. Hamlin,* v. *Collins* (1981), 65 Ohio St. 2d 63, 64 [19 O.O.3d 259]; *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 365 [21 O.O.3d 228]; and *State, ex rel. Guerrero,* v. *Ferguson* (1981), 68 Ohio St. 2d 6, 7 [22 O.O.3d 98]. Appellees contend these cases should be distinguished because they involve compensation for periods of wrongful deprivation of employment, rather than the wrongful deprivation of part of the compensation to which an employee is entitled by virtue of his employment, such as involved herein. We find no distinction. If an employee has a clear legal right to compensation, and the respondent has a clear legal duty to make payment of that compensation, mandamus is an appropriate remedy to compel the respondent to perform the duty of making payment of the compensation to which the employee has a clear legal right. Under such circumstances, payment of the compensation by respondents auditor and treasurer would be performance of a ministerial

duty imposed upon them by law such as was involved in *State, ex rel. Reynoldsburg,* v. *Banks* (1974), 37 Ohio St. 2d 56 [66 O.O.2d 159]. See, also, *State, ex rel. Horvitz Co.,* v. *Riebe* (1975), 47 Ohio App. 2d 339 [1 O.O.3d 399]. The ministerial act of making payment of money due a public employee may be compelled by mandamus where the public employee has a clear legal right to payment of the compensation, and the respondent public officer has a clear legal duty to perform the ministerial task of making such payment. Accordingly, there is no plain and adequate remedy at law which precludes relator's maintenance of this action in mandamus.

Since the court of appeals granted the motion to dismiss the complaint, the issue is whether the complaint alleges a clear legal right of relator to longevity pay pursuant to Section 153.13 of the Codified Ordinances of the city of Brook Park, which at the time of relator's reinstatement read as follows:

"Commencing January 1, 1973, and thereafter until duly changed, and where not otherwise provided for under Specific Sections of the Codified Ordinances, each full-time employee of the City shall be entitled to longevity pay as a bonus to his annual salary, to be calculated as follows:

"For each five consecutive years of full-time continuous service, the amount of Two Hundred Dollars ($200.00) to a maximum of One Thousand Dollars ($1,000.00)."

Under this provision, relator, who had ten consecutive years of full time continuous service, would be entitled to a bonus of four hundred dollars per year.[1]

Relator is now a full-time employee and has had ten consecutive years of full-time continuous service, although there was a break in his service after the completion of such ten years. There is nothing in Section 153.13 prior to a 1978 amendment[2] suggesting that an employee who has a break in his continuous service forfeit the longevity-pay credit he has accumulated prior to such break in service. Thus, upon resumption of service, the employee retains any longevity-pay rights which he may have had prior to his break in service

---

[1] A 1976 amendment to Section 153.13 added the following:

"Any periods of continuous part-time service immediately prior to or between periods of full-time service shall be computed Pro Rata based on a 40 [hour] work week, but shall not be considered a break in continuity."

This amendment did not change the basic thrust of the provision except to modify the requirement that all of the continuous service be full time, permitting part-time service to be included in a pro rata basis.

[2] Subsequent to relator's reinstatement and request for longevity pay, Section 153.13 was amended by making the following additional provisions:

"Any full time or part time employee who resigns his employment with the City shall forfeit all accumulated longevity time.

"Under no circumstances shall previously accumulated longevity time of an employee who has resigned his employment with the City, be placed to his credit upon his re-employment."

It appears to be conceded that this provision does not affect relator's right to longevity pay since he was reinstated prior to the effective date of the amendment.

but must commence a new five-year continuous period for longevity-pay purposes. In short, the complaint alleges a clear legal right to longevity pay. Upon its face, the ordinance clearly provides that the longevity-pay bonus be paid to any full-time employee who has had one or more five-year periods of continuous full-time service. There is no provision for forfeiture of a previously earned bonus for a five-year continuous period of full-time service because of a break in service. Upon reinstatement, relator was entitled to the longevity-pay bonus, unless there is some other defense, factual or otherwise, that repondents may raise by answer.

Respondents essentially contend that any right that relator had to litigate his entitlement to the longevity pay bonus was exhausted by the declaratory judgment action filed in the court of common pleas. We disagree. There is nothing suggesting that this issue was determined adversely to relator in the declaratory judgment action. Rather, it appears that the issue was not even raised, much less litigated. The court of common pleas dismissed the declaratory judgment action without making a declaration of relator's rights under R.C. 124.50 and the Brook Park Charter as sought in that action. The effect of a dismissal of a declaratory judgment action without making a declaration of the parties' rights is a determination that the plaintiff in the declaratory judgment action has no right to a declaratory judgment. The appendix to respondents' brief herein indicates that this was the basis of their motion to dismiss, which was sustained in the court of common pleas. In other words, the effect of the judgment of the court of common pleas in the declaratory judgment action is a finding that the complaint of relator in that action did not state a claim for relief in declaratory judgment. Such a judgment does not preclude relator's bringing of this mandamus action with respect to an issue neither raised nor determined in the declaratory judgment action.

Although from relator's complaint it would appear that he has a clear legal right to the requested writ, the court of appeals sustained a motion to dismiss apparently upon the ground that the complaint does not state a claim for relief. Respondents have not yet answered and have not yet indicated that the ruling upon the motion to dismiss may be dispositive of the merits, necessitating a remand to the court of appeals, since it is conceivable that respondents may either deny some of the factual allegations of the complaint or raise affirmative defenses which have not been raised by the motion to dismiss. The court of appeals did err in sustaining the motion to dismiss since the complaint does state a claim for relief in mandamus.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, HOLMES and C. BROWN, JJ., concur.

134

W. Brown and Locher, JJ., concur in judgment only.

Whiteside, J., of the Tenth Appellate District, sitting for J. P. Celebrezze, J.