DOLAN, APPELLANT, *v.*
SECRETARY OF STATE OF OHIO ET AL.,
APPELLEES.

(No. CA88-127—Decided
December 19, 1988.)

*Baden, Jones, Scheper & Crehan,*
*David H. Landis, Holbrock & Jonson*
and *Timothy R. Evans,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrew I. Sutter,* for appellee Secretary of State.

*John F. Holcomb,* prosecuting attorney, and *Victoria Daiker,* for appellee Butler County Board of Elections.

*Per Curiam.* This cause came on to be heard upon an appeal from the Butler County Court of Common Pleas.

This is an appeal by plaintiff-appellant, the Honorable James H. Dolan, from the judgment of the Butler County Court of Common Pleas, which dismissed his complaint for declaratory relief against defendants-appellees, the Secretary of State of Ohio and the Butler County Board of Elections.

On January 26, 1988, appellant filed a complaint seeking a declaration of his right to run for Hamilton Municipal Court judge in the November 1989 election. In his complaint, appellant alleged that he would be seventy years of age by the date he would begin serving the term for which the November 1989 election was being held. Conceding that Section 6(C), Ar-

ticle IV of the Ohio Constitution prevents judges from being elected or appointed to office after their seventieth birthday, appellant nevertheless asserted he should be declared entitled to run for Hamilton Municipal Court judge in the November 1989 election because Section 6(C) violates the Age Discrimination in Employment Act ("ADEA"), Section 621 *et seq.,* Title 29, U.S. Code, as well as his right to due process and equal protection of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

Following appellant's filing of a motion for partial summary judgment and appellees' filing of a motion to dismiss, the common pleas court, on August 25, 1988, filed an opinion and judgment entry denying appellant's motion and granting appellees.' In that opinion, the common pleas court found that the ADEA, while the supreme law of the land, expressly excluded elected public officials like appellant from its protections, and that Section 6(C) did not deny appellant due process by impairing a constitutionally protected property right or deny him equal protection of law by discriminating against persons aged seventy and older who wish to serve as judges. This appeal followed.

In his brief before this court, appellant asserts a single assignment of error which states:

"The court erred in dismissing plaintiff's complaint and in not granting plaintiff's motion for partial summary judgment."

In support of his sole assignment of error, appellant presents three arguments. First, he argues Section 6(C) violates the ADEA; second, he submits Section 6(C) violates the Fourteenth Amendment's Due Process and Equal Protection Clauses; and third, he insists that the common pleas court erred in dismissing his complaint by holding he could prove no set of facts entitling him to relief. We find these arguments to be without merit for the reasons which follow.

Section 6(C), Article IV of the Ohio Constitution provides in pertinent part:

"No person shall be elected or appointed to any judicial office if on or before the day when he shall assume the office and enter upon the discharge of its duties he shall have attained the age of seventy years. * * *"

The sections of the ADEA which appellant contends Section 6(C) violates are Sections 623(A)(1) and (2), Title 29, U.S. Code. They provide:

"It shall be unlawful for an employer—

"(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

"(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age[.]"

Appellant contends that, at least with respect to his candidacy for judge of the Hamilton Municipal Court in November 1989, he is merely an individual and, therefore, he is entitled to ADEA protection under Sections 623(A)(1) and (2), Title 29, U.S. Code. In support of this contention, appellant directs our attention to the definition of the word "person" found in Section 630, Title 29, U.S. Code, which states a person is one or more individuals.

While both we and the common pleas court accept appellant's contention that, as a candidate for public office, he is an "individual" for purposes of Sections 623(A)(1) and (2), Title 29,

U.S. Code, that status alone is not determinative of this case because the position appellant seeks also plays a role in determining his eligibility for ADEA protection. After all, the ADEA was enacted to prevent age discrimination *in employment,* not age discrimination generally. The employment appellant seeks in this case is election to the office of Hamilton Municipal Court judge.

In addition to the word "person," the ADEA also defines the words "employer" and "employee." The term "employer," according to Section 630(b)(2), Title 29, U.S. Code, includes a state or political subdivision of a state. Consequently, it cannot be disputed that the state of Ohio is an employer bound by the ADEA. However, the definition of the word "employee" found in Section 630(f), Title 29, U.S. Code limits the scope of the ADEA's protection for state employees and the state's obligation not to discriminate on the basis of age by providing:

"The term 'employee' means an individual employed by an employer *except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof * * *."* (Emphasis added.)

Based on the ADEA's definitions of the terms "person," "employer," and "employee," we conclude that while appellant can reasonably argue he enjoys ADEA protection from age discrimination so long as he is a candidate (*i.e.,* an individual aspiring to elective office), Section 630(f), Title 29, U.S. Code makes it clear that once elected to office appellant loses all ADEA protection. Thus, appellant's case is essentially one asking whether an individual seeking employment which is specifically excluded from ADEA coverage may insist upon the ADEA's protection during his attempt to obtain such employment. We hold he may not.

Assuming, *arguendo,* that appellant was permitted to run for judge, and assuming that he was elected, upon his election (due to the definition of "employee" found in Section 630[f]) he would find himself without any means in the ADEA by which he could force the state of Ohio to place him in office because, as an elected public official, the ADEA would not protect him from Section 6(C) and he could therefore be discriminated against (*i.e.,* prevented from taking office as opposed to being mandatorily retired) because of his age.

Because appellant has no fundamental right to run for public office, *State, ex rel. Keefe,* v. *Eyrich* (1986), 22 Ohio St. 3d 164, 165, 22 OBR 252, 489 N.E. 2d 259, 260, and because we find it would be a vain and senseless act to permit a candidate to be placed upon the ballot if he was ineligible to assume the office to which he aspires, we find the common pleas court did not err in finding appellant had no rights under the ADEA or in dismissing his complaint. *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525, paragraph four of the syllabus. Accordingly, appellant's first argument is without merit and is overruled.

For his second argument, appellant submits that Section 6(C) is unconstitutional because it violates the Fourteenth Amendment to the United States Constitution.

We find this argument to be without merit because it has expressly been addressed and overruled by the Ohio Supreme Court in *State, ex rel. Keefe, supra.* Appellant's second argument is overruled.

For his third argument, appellant submits that the trial court erred in granting a motion to dismiss without permitting him to present evidence. In

support of this argument, appellant insists that he should have been afforded the opportunity to present evidence that a seventy-year age limit is no longer a legitimate line of demarcation due to advances in medical science. We find this claim to be without merit.

Since Section 6(C) has already been upheld against an equal protection challenge in *State, ex rel. Keefe, supra,* a rational basis for its existence has already been found to exist. If appellant wishes to change this constitutional provision, his remedy lies in convincing the voters of this state, who enacted the age limitation, that it no longer serves the legitimate purpose which originally prompted its enactment. So long as this provision serves any rational purpose, this court is not permitted to invalidate it simply because it now appears it could have been better written or if it were written today the age limit might be different.

Appellant's three arguments and the assignment of error they support are unpersuasive.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.