The STATE ex rel. MOSSER CONSTRUCTION, INC.

v.

CITY OF TOLEDO et al.

[Cite as *State ex rel. Mosser Constr., Inc. v. Toledo* (1996), 111 Ohio App.3d 492.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–123.

Decided June 7, 1996.

*Gregory T. Lodge* and *Richard A. Mitchell,* for relator.

*Per Curiam.*

This matter is before the court on relator's petition for a writ of mandamus, filed on April 25, 1996. Respondents, the city of Toledo et al., have filed a motion to dismiss. The facts, as alleged in the petition, are as follows. Relator, Mosser Construction, Inc., is a contractor hired in 1994 by respondent Toledo ("the city") for general contracting work. Relator has completed all work on the construction project and has made demand for payment, but the city has failed and refused to make final payment, a retainage in the amount of $60,000. Relator seeks a writ requiring the city to release the retainage. Relator also seeks its costs and attorney fees incurred in the filing of this action and requests oral argument.

In the motion to dismiss, respondents do not dispute that the work on the project has been completed. However, respondents state that relator has not complied with all the contract requirements and that there is a dispute whether relator has fully paid its workers pursuant to the prevailing wage rates and law. Respondents state that the city has an obligation to enforce the prevailing wage law on its construction projects and, therefore, has not released the retainage. In seeking dismissal of relator's petition, respondents argue that relator does not meet the three conditions for the granting of a writ of mandamus.

As noted by the Ohio Supreme Court in *State ex rel. Viox Builders, Inc. v. Lancaster* (1989), 46 Ohio St.3d 144, 145, 545 N.E.2d 895, 896, before a writ of mandamus will be issued "relator must demonstrate that: (1) it has a clear right to the relief requested, (2) respondents are under a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the law."

An extraordinary remedy such as mandamus is available only when the usual forms of procedure are incapable of affording relief. *State ex rel. Woodbury v. Spitler* (1973), 34 Ohio St.2d 134, 63 O.O.2d 229, 296 N.E.2d 526. In *State ex rel. Bross v. Carpenter* (1894), 51 Ohio St. 83, 89, 37 N.E. 261, 262, the court stated:

"Mandamus is not well adapted to the trial of questions of fact, or the determination of controversies of a strictly private nature. Its office is rather to command and enforce the performance of those duties in which the public have some concern, and where the right is clear, and does not depend upon a complication of disputed facts which must be settled from the conflicting testimony of witnesses."

■ Furthermore, "mandamus may not ordinarily be employed as a substitute for an action at law to recover money." *Maloney v. Sacks* (1962), 173 Ohio St. 237, 238, 19 O.O.2d 51, 52, 181 N.E.2d 268, 269.

■ In the instant case, relator has failed to demonstrate that there is no plain and adequate remedy in the ordinary course of law. Relator is free to utilize the usual forms of procedure available. *Creasy v. Waller* (1982), 1 Ohio St.3d 93, 94, 1 OBR 129, 129–130, 438 N.E.2d 414, 415.

Furthermore, relator has not demonstrated that it has a clear legal right to the relief requested and that respondents are under a clear legal duty to perform the requested act. *State ex rel. Horvitz Co. v. Riebe* (1975) 47 Ohio App.2d 339, 344, 1 O.O.3d 399, 401, 354 N.E.2d 708, 711–712 (Writ of mandamus allowed when work fully performed by the terms of the contract and all necessary approvals by city officials required under contract had been obtained.).

Accordingly, relator's petition for writ of mandamus is found not well taken and denied. Respondents' motion to dismiss is granted. Relator's request for oral argument is also denied. The petition is dismissed at relator's costs. It is so ordered.

*Motion to dismiss granted.*

MELVIN L. RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.