[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Keith Bradley, appeals a sentence imposed by the trial court following a community-control violation. He was originally convicted of assault pursuant to R.C. 2903.13(A) and escape pursuant to R.C. 2921.34(A). The trial court sentenced him to serve six months' imprisonment on the escape charge and three years of community control on the assault charge, subject to several conditions.
 {¶ 3} Bradley served his six-month term on the escape charge and began his term of community control. The trial court subsequently revoked the community-control sanction based on violations of the conditions it had imposed. The court then sentenced Bradley to serve nine months' imprisonment on the assault charge. Bradley has filed a timely appeal from that judgment. He has also filed a motion for a delayed appeal regarding the original conviction and sentence, which this court has granted.
 {¶ 4} In his sole assignment of error, Bradley contends that the trial court erred by improperly sentencing him. First, he argues that the trial court erred in imposing a prison sentence for the escape charge without making the proper findings. The record shows, however, that Bradley had already served the six-month sentence in full, and, therefore, any challenge to that sentence is moot.
 {¶ 5} Bradley has not challenged his underlying felony convictions. An appeal challenging a felony conviction is not rendered moot even if the entire sentence has been served because of the numerous adverse collateral consequences imposed upon convicted felons. State v.Golston, 71 Ohio St.3d 224, 1994-Ohio-109, 643 N.E.2d 109. However, this logic does not apply if the defendant challenges on appeal only the length of the sentence and not the underlying conviction. If the defendant has already served his sentence, there is no collateral disability or loss of civil rights that a court can remedy by a modification of the length of that sentence absent a reversal of the underlying conviction. See State v. Howell, 5th Dist. No. 2001CA00346, 2002-Ohio-3947; State v. Beamon, 11th Dist. No. 2000-L-160, 2001-Ohio-8712. Since this court cannot provide Bradley any remedy in regard to his sentence on the escape charge, the issue is now moot.
 {¶ 6} Bradley next argues that the trial court erred in imposing a prison sentence for the assault charge following the community-control revocation without making the proper findings. He contends that the sentence on the assault charge was consecutive to the sentence on the escape charge, and that the trial court did not make the findings required by R.C. 2929.14(E)(4) to justify the imposition of consecutive sentences. This argument fails because the sentences were not consecutive within the meaning of that statute.
 {¶ 7} Courts must give the words used in statutes their plain and ordinary meaning unless the legislature has demonstrated a contrary intent. See Coventry Towers, Inc. v. Strongsville (1985),18 Ohio St.3d 120, 480 N.E.2d 412; State v. Walton (2000),137 Ohio App.3d 450, 738 N.E.2d 1258. The dictionary defines the term "consecutive" to mean "following in uninterrupted order; successive." Random House Webster's Dictionary (3 Ed. 1998) 149. Similarly, Black's Law Dictionary defines "consecutive sentences" as "[t]wo or more sentences of jail time to be served in sequence." Black's Law Dictionary (3 Ed. 1999), 1367. See, also, State ex rel. Sterne v. Hamilton Cty. Bd.of Elections (1993), 67 Ohio St.3d 605, 622 N.E.2d 335 (Moyer, C.J., concurring); State v. Courtney (1985), 25 Ohio App.3d 12, 495 N.E.2d 472.
 {¶ 8} The sentences in this case were not consecutive. They did not follow in an uninterrupted sequence. Bradley served the sentence on the escape charge in full, followed by a period of time when he was on community control for the assault charge. If he had abided by the conditions of his community-control sanction, he would not have served a sentence of imprisonment on that charge at all. It was only after the community-control sanction had been revoked that the court imposed a subsequent prison term. Consequently, the sentences on the two charges were not consecutive, and the trial court was not required to make the findings necessary to impose consecutive sentences.
 {¶ 9} Further, the trial court made the proper findings to justify the imposition of the nine-month prison term on the assault charge as a fourth-degree felony following the community-control revocation. See R.C. 2929.14(A)(4); R.C. 2929.13(B); State v. Abbington (Aug. 8, 2000), 10th Dist. No. 99AP-1337; State v. Parker (July 5, 2000), 5th Dist. No. 99COA01340; State v. Poole (Apr. 28, 2000), 1st Dist. No. C-990612. Under the circumstances, we cannot clearly and convincingly find that the record does not support the findings or that the sentence was otherwise contrary to law. Therefore, we will not disturb it. See R.C. 2953.08(G);State v. Davenport (July 30, 1999), 1st Dist. No. C-980516; State v.Napier (Aug. 28, 1998), 1st Dist. No. C-970383. Accordingly, we overrule Bradley's assignment of error and affirm the trial court's judgment.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J and Winkler, JJ.
 Painter, J. dissents.