DECISION
 ON OBJECTIONS TO THE MAGISTRATE'S DECISION IN MANDAMUS AND/OR PROHIBITION. {¶ 1} Relators, Ohio AFL-CIO, Ohio Civil Service Employees Association, AFSCME Local 11, AFL-CIO, Sandra F. Bell and David Bobovnyik, have filed an original action requesting this court to issue a writ of mandamus and/or a writ of prohibition to order respondents, Robert A. Taft, in his official capacity as Governor, James Petro, Attorney General, Steve Loeffler, Deputy Director of the Office of Collective Bargaining for the State of Ohio, and the State Employment Relations Board ("SERB"), to not apply R.C. Sections 4117.01(C)(19) and4117.14(C)(6), and to declare these statutes to be unconstitutional. In response, respondents filed a motion for summary judgment.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate granted respondents' motion for summary judgment, deciding that the request for a writ of mandamus and/or a writ of prohibition should be denied, as relators had a plain and adequate remedy at law.
 {¶ 3} Relators have filed five objections to the magistrate's decision, which argue in one form or another that the magistrate erred in finding relators had an adequate remedy at law through an action in injunction and/or declaratory judgment.
 {¶ 4} In 2002, R.C. 4117.01 was amended to exclude from the definition of a public employee those individuals "who must be licensed to practice law in this state to perform their duties as employees." The amendment also provided, in R.C. 4117.14(C)(6), that the controlling board is the legislative body that has the authority to accept or reject factual findings and recommendations in collective bargaining involving the state and its agencies. The state filed a petition for an amendment of certification to exclude from collective bargaining units, those employees covered by the definition in R.C. 4117.01(C)(19). In May 2003, SERB approved the state's petition and relators filed this action.
 {¶ 5} Relators argue that, pursuant to State ex rel. Ohio Academyof Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, and State ex rel.Ohio AFL-CIO v. Ohio Bur. of Workers' Comp., 97 Ohio St.3d 504,2002-Ohio-6717, mandamus is an appropriate remedy to determine the constitutionality of R.C. 4117.01(C)(19) and 4117.14(C)(6). In bothSheward and AFL-CIO, the Ohio Supreme Court emphasized the widespread effect of the legislation at issue, and found mandamus to be an appropriate way to address the constitutionality of the statutes concerned, given the public rights at issue. In Sheward, the court found that every plaintiff in a tort action was affected by the legislation and, in AFL-CIO, the court found every injured employee was potentially affected by the legislation. In AFL-CIO, the court stated, at ¶ 12:
The granting of writs of mandamus and prohibition to determine the constitutionality of statutes will "remain extraordinary" and "limited to exceptional circumstances that demand early resolution." Id.,86 Ohio St.3d at 515, 715 N.E.2d 1062 (Pfeifer, J., concurring). We find this case to be one of those rare cases. As the statutory scheme at issue inSheward affected every tort claim filed in Ohio, H.B. 122 affects every injured worker who seeks to participate in the workers' compensation system. It affects virtually everyone who works in Ohio. * * *
 {¶ 6} Here, the only individuals affected by the amended statutes are those employees of the state and its agencies who are required to be licensed attorneys in order to perform their job duties, and, thus, this case is not one of those "rare cases" that present "exceptional circumstances that demand early resolution." Rather, we find this case subject to the rule in State ex rel. Grendell v. Davidson (1999),86 Ohio St.3d 629, 634, wherein the court stated:
In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction. * * *
 {¶ 7} We also find the magistrate correctly interpreted State exrel. Fenske v. McGovern (1984), 11 Ohio St.3d 129. Fenske was an action in mandamus to compel the performance of the ministerial act of paying longevity pay to a police officer in accordance with the clear language of the city of Brook Park ordinances and did not involve the interpretation of a statute or an ordinance.
 {¶ 8} Last, we find State ex rel. Ohio Civ. Serv. Emp. Assn. v.State Emp. Relations Bd., 152 Ohio App.3d 551, 2003-Ohio-2021 ("OCSEA") is distinguishable. At the outset, we note that, although OCSEA discussedState ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. StateEmp. Relations Bd. (1986), 22 Ohio St.3d 1, this court failed to considerSouth Community Inc. v. State Emp. Relations Bd. (1988), 38 Ohio St.3d 224, which held that, whether or not an employee is a public employee within the meaning of R.C. 4117.01, is an appealable order. The issue in OCSEA
also involved dismissal of an unfair labor practice claim, which is not an appealable order.
 {¶ 9} Therefore, upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own. Relators' objections to the magistrate's decision are overruled, and the requested writ of mandamus and/or prohibition is denied.
Objections overruled, writ of mandamus and/or prohibition denied.
Petree, P.J., and Sadler, J., concur.
 IN MANDAMUS ON RESPONDENTS' MOTION FOR SUMMARY JUDGMENT {¶ 10} Relators, Ohio AFL-CIO, Ohio Civil Service Employees Association AFSCME Local 11, AFL-CIO, Sandra F. Bell and David Bobovnyik, have filed this original action requesting that this court issue a writ of mandamus and/or writ of prohibition ordering respondents Robert A. Taft, in his official capacity as Governor, State of Ohio, State of Ohio C/O Attorney General, James Petro, Office of Collective Bargaining State of Ohio, Steve Loeffler, in his official capacity as Deputy Director, Office of Collective Bargaining State of Ohio and State Employment Relations Board, to not apply what relators contend are the unconstitutional provisions of House Bill 675 ("H.B. 675") as they relate to R.C. 4117.01 and 4117.14, and relators further request that this court find the amendments to R.C. 4117.01 and 4117.14 to be unconstitutional. Respondents have filed a motion for summary judgment and relators have filed a reply.
Findings of Fact:
 {¶ 11} 1. On April 8, 2003, relators filed the instant action in this court. Pursuant to their complaint, relators define the nature of this action as follows:
 {¶ 12} "This action is brought on behalf of Relators, Ohio AFL-CIO, and Ohio Civil Service Employees Association, AFSCME Local 11, AFL-CIO, one of its affiliated labor organizations, Attorney Sandra Bell and Attorney David Bobovnyik seeking relief in Mandamus and Prohibition. Relators seek writs of mandamus ordering certain of the Respondents not to seek to have two provisions of H.B. 675 of the 124th General Assembly enforced and writs of Prohibition ordering certain of the Respondents not to enforce the two provisions."
 {¶ 13} 2. In their complaint, relators request the following relief from this court:
 {¶ 14} "Relators respectfully request that the Court find that the amendments to R.C. 4117.01 and R.C. 4117.14 set forth in H.B. 675 are unconstitutional as being in violation of Article II, Section 15(D) and Article II, Sections 1, 1c and 1d of the Ohio Constitution.
 {¶ 15} "* * *
 {¶ 16} "Relators respectfully request that the Court order peremptory and/or alternative writs of mandamus and prohibition; that Respondents, individually and/or collectively, be ordered not to apply the unconstitutional provisions of H.B. 675 as they relate to R.C. 4117.01
and R.C. 4117.14; that Respondents, individually and/or collectively, be prohibited and prevented from taking any action to carry out or place in effect the unconstitutional provisions of H.B. 675 as they apply to R.C.4117.01 and R.C. 4117.14; that Relators Sandra Bell and David Bobovnyik, and all others likely situated be restored to their status of `public employees' and not deprived of their right to be part of a collective bargaining unit and their right to bargain collectively; and that she, he and they be awarded any and all benefits of which they were deprived during their illegal and unconstitutional removal from their duty authorized and approved collective bargaining unit."
 {¶ 17} 3. Respondents have filed a motion for summary judgment asserting that relators' action actually seeks a declaratory judgment and a prohibitory injunction and that relators' complaint should be dismissed.
 {¶ 18} 4. Relators' have filed a reply.
 {¶ 19} 5. This matter is currently before this magistrate on respondents' motion for summary judgment.
Conclusions of Law:
 {¶ 20} Because this magistrate finds that relators are actually seeking injunctive relief and an improper use of prohibition, this magistrate concludes that this court should grant respondents' motion for summary judgment and relators' action should be dismissed.
 {¶ 21} Relators contend that they are seeking, in part, a writ of mandamus from this court. The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 22} As noted in the findings of fact, relators seek writs of mandamus ordering certain of the respondents not to seek to have two provisions of H.B. 675 enforced.
 {¶ 23} Relators also contend that they are seeking a writ of prohibition. A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs-Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restrain, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relators must establish that: (1) respondents are about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. State ex rel. Henry v. McMonagle
(2000), 87 Ohio St.3d 543.
 {¶ 24} As noted previously in the findings of fact, relators seek writs of prohibition ordering certain of the named respondents not to enforce the two provisions of H.B. 675.
 {¶ 25} Relators also request that this court find that the amendments to R.C. 4117.01 and 4117.14 set forth in H.B. 675 are unconstitutional.
 {¶ 26} In their reply memorandum, relators agree that this court lacks original jurisdiction over actions for declaratory and injunctive relief. However, relators contend that their case is different because the Supreme Court of Ohio has long held that the remedy of mandatory injunction and/or the availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus. Relators cite State exrel. Fenske v. McGovern (1984), 11 Ohio St.3d 129.
 {¶ 27} In Fenske, the relator had originally commenced employment with Brook Park in 1967 as a laborer. In 1970, relator became a member of the City of Brook Park Police Department and served as a patrolman until October 1977, when he resigned to accept employment as a police officer in Florida. Four months later, in February 1978, relator applied for reinstatement as a police officer with the Brook Park Police Department. Relator was reinstated and was placed in the salary scale at the rate of a beginning patrolman without credit for seniority. Relator filed a declaratory judgment action in the Cuyahoga County Court of Common Pleas seeking a declaration of his rights to be placed in the salary range commensurate with his total years of service as a patrolman. Upon motion of the City of Brook Park, this action was dismissed.
 {¶ 28} Thereafter, relator brought an action in mandamus in the Cuyahoga County Court of Appeals seeking the payment of longevity pay predicated upon total years of consecutive years of service as an employee of the City of Brook Park, pursuant to Section 153.13 of the Codified Ordinance of the City of Brook Park. Respondents filed a motion to dismiss which was granted upon a finding that Section 153.13 does not confer upon relator a clear legal right to longevity pay, but suggesting that relator may have an appropriate remedy for injunction and damages.
 {¶ 29} On appeal, the court noted that:
 {¶ 30} "The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. * * *" Id. at 131.
 {¶ 31} The court noted further regarding the nature of relators' action as follows:
 {¶ 32} "This court has repeatedly held that a reinstated public employee may maintain an action in mandamus to recover compensation due him for the time he was wrongfully excluded from employment provided the amount is established with certainty. * * *" Id.
 {¶ 33} This case is distinguishable from Fenske in at least one important way. In Fenske, the relator was, by way of a mandamus action, attempting to compel the respondents to perform an alleged clear legal duty. In the present case, by way of their alleged mandamus action, relators are asking this court to order respondents not to seek to have certain provisions enforced. What relators are actually seeking by way of this action is an injunction. Furthermore, although relators contends that they are also seeking a writ of prohibition, none of the named respondents are about to exercise judicial or quasi-judicial power. Relators are seeking an order from this court prohibiting respondents from enforcing amendments to the statutes. This magistrate finds that relators are actually seeking injunctive relief in an improper use of prohibition.
 {¶ 34} In State ex rel. Ohio AFL-CIO v. Ohio Bur. of Workers'Comp., 97 Ohio St.3d 504, 2002-Ohio-6717, the Supreme Court of Ohio stated as follows:
 {¶ 35} "The granting of writs of mandamus and prohibition to determine the constitutionality of statutes will `remain extraordinary' and `limited to exceptional circumstances that demand early resolution.' [State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999),86 Ohio St.3d 451.] Id. * * * at 515." Id. at ¶ 12.
 {¶ 36} In that case, the issue was whether 2000 Am.Sub.H.B. 122, which permits the warantless drug and alcohol testing of injured workers, was constitutional. The court noted that Am.Sub.H.B. 122 affected every injured worker who sought to participate in the workers' compensation system and, in effect, it affected everyone who works in the state of Ohio. As such, not only did the court find that the relators met the standing requirements, the court ultimately granted them relief in mandamus.
 {¶ 37} Nothing in relators' complaint leads to the conclusion that this case presents an extraordinary situation of exceptional circumstances which demand early resolution.
 {¶ 38} Based on the foregoing, it is this magistrate's decision that respondents are entitled to summary judgment as a matter of law, inasmuch as relators' action, no matter how it is stated, actually seeks injunctive relief and in improper use of prohibition. As such, relators' action should be dismissed.
Stephanie Bisca Brooks, Magistrate.