DECISION ON RESPONDENTS' MOTION TO DISMISS ON OBJECTIONS TO MAGISTRATE'S DECISION.
{¶ 1} On April 15, 2003, relator, United Auto Aerospace 
Agricultural Implement Workers of America, Region 2-B, filed this original action seeking a writ of mandamus that orders respondents, Ohio Bureau of Workers' Compensation and its Administrator, James Conrad, to follow the law as set forth in two recent Ohio Supreme Court cases. Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On May 7, 2003, respondents filed a motion to dismiss in which they asserted (1) relator lacks standing to bring the present action, and (2) relator has an adequate remedy at law.
 {¶ 2} On January 30, 2004, the magistrate rendered a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concluded relator has standing to pursue this original action, but recommended that the court grant respondents' motion to dismiss or deny the requested writ of mandamus. Relator and respondents timely filed objections to the magistrate's decision, which were heard in oral argument.
 {¶ 3} In its objections, relator asserts the magistrate erred in concluding that relator has a remedy in the ordinary course of the law such that its request for a writ of mandamus must be denied. Relator further asserts the magistrate incorrectly determined the case ofGlaspell v. Ohio Edison Co. (1987), 29 Ohio St.3d 44 imposes no duty upon respondents that would be enforceable in mandamus.
 {¶ 4} Contrary to relator's contentions, the magistrate properly concluded relator, if it can demonstrate standing, has an adequate remedy in the ordinary course of the law through an action for declaratory judgment filed in the court of common pleas. Through an action in that court, relator may seek a declaration that the amended version of R.C.4123.931 is unconstitutional. Because the allegations of relator's complaint for a writ of mandamus indicate that the real object sought is a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and is properly dismissed for want of jurisdiction. State ex rel. Grendell v. Davidson (1999),86 Ohio St.3d 629, 634; State ex rel. Phillips v. Lorain Cty. Bd. ofElections (2001), 93 Ohio St.3d 535, 537; State ex rel. Cunningham v.Amer Cunningham Co., L.P.A. (2002), 94 Ohio St.3d 323, 324; State exrel. Ohio AFL-CIO v. Taft, Franklin App. No. 03AP-337, 2003-Ohio-6828, ¶ 6. Relator's first objection is overruled.
 {¶ 5} In its second objection, relator asserts the magistrate wrongly determined that Glaspell imposes no duty upon respondents that is enforceable in mandamus. The magistrate correctly concluded thatGlaspell is inapposite to the relief relator seeks and does not form the basis for a cause of action in mandamus. Relator's second objection is overruled.
 {¶ 6} Whether or not relator has standing to bring this original action, relator has an adequate remedy at law in a declaratory judgment action filed in the common pleas court. Because an adequate remedy at law precludes our issuing a writ of mandamus, respondents' motion to dismiss is granted, rendering moot respondents' objections to relator's standing to bring this action.
 {¶ 7} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts, and we adopt them as our own. Further, with the exception of the magistrate's conclusions regarding standing which we need not address, we conclude the magistrate properly applied the salient law to those facts, and we adopt those conclusions of law as our own. In accordance with the magistrate's decision, we grant respondents' motion to dismiss relator's complaint.
Relator's objections overruled; respondents' objections moot; complaintdismissed.
Bryant, J., and Brown, P.J., concur.
Sadler, J., concurs in part and dissents in part.